THE COUNTY OF DUVAL, *et al., Appellants,* v. W. J. MC-TIMMONS, *Appellee.*

Opinion Filed July 30, 1923.

A conveyance of "all the shell located in or upon a mound of Periwinkle Shell," which mound extended "approximately 16 feet above the level of Lake Dexter, and covers approximately two (2) acres of land," does not, under the circumstances of this case, include shell below the level of the land or of the

lake, the land on which the mound was located being very little above the level of the lake.

This case was decided by Division B.

An Appeal from the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*John E. Mathews* and *J. Turner Butler*, for Appellants;

*George C. Bedell,* for Appellee.

WHITFIELD, P. J.—This appeal is from orders granting a temporary injunction, sustaining an exception to a portion of the answer and denying motions to dissolve the temporary injunction, in a suit brought by the appellee to enjoin the county commissioners from removing shell below the level of an adjoining lake from a deposit of shell on complainant's land. The complainant had by deed of conveyance sold appellants "all the shell located in or upon a mound of Periwinkle Shell lying and being in the County of Lake and State of Florida, the said mound being more particularly described as follows, to-wit:

"A mound of Periwinkle Shell situated on the lands of W. J. McTimmons in Lake County, Florida, on the westerly shore of the St. Johns River as this river passes through the westerly end of Lake Dexter, more particularly described as being located in the central portion of Section 16, Township 16, South Range 28 East. This mound of shell is approximately 600 feet in length northerly and southerly, and generally 175 feet in width easterly and westerly, reaches now to a height of approxi-

mately 16 feet above the level of Lake Dexter, and covers approximately two (2) acres of land.''

It is contended for the appellants that as the offer of the appellee was ''to sell the shell deposit inspected by you on Lake Dexter and St. Johns River,'' the appellants are entitled to all the shell whether above or below the level of the lake. But the deed controls. It was preceded by a report of a survey as to ''the mound of shells,'' giving the estimated cubic yards of shell ''down to the surface of the water.'' The deed conveyed ''all the shell located in or upon a mound of Periwinkle shell,'' the said mound being more particularly described as follows, to-wit: ''A mound of Periwinkle shell situated on the lands'' of complainant, which mound extended ''approximately 16 feet above the level of Lake Dexter, and covers approximately two (2) acres of land.'' This description under the circumstances of the case, manifestly had reference to a *mound* of shell deposit situated on complainant's land, and extending above and not below the level of the land, or perhaps in this case below the level of the lake, on the shore of which lake the mound existed on the complainant's land, the land being apparently very little above the level of the lake. It is apparent from the record that when the conveyance was made it was not contemplated that the shell extended below the level of the lake and that only shell in the mound above the level of the land or of the lake was intended to be conveyed.

Affirmed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.